IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN DYTKO and HOLLY DYTKO,
individually and as the
parents and next friends of
J.D. and R.D., minors,

    Plaintiffs,

v.                                      Civil Action No. 5:13CV150
                                                              (STAMP)

CHESAPEAKE APPALACHIA, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**
**REMAINING PLAINTIFFS' CLAIMS AND**
**GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT**

I.   Background

The plaintiffs originally brought this action in the Circuit Court of Ohio County, West Virginia. The claims arise out of an oil and gas lease, right of way/pipeline, and well-site agreements. Plaintiff, Brian Dytko, entered into an oil and gas lease dated November 7, 2008, ("the lease") with the defendant, Chesapeake Appalachia, LLC. The lease covers a 41-acre tract of land located in Ohio County, West Virginia. The plaintiffs filed this civil action in the Circuit Court of Ohio County, West Virginia, based on the negotiation and execution of such lease and based on the defendant's operations on the land subject to the lease. The

plaintiffs allege that the defendant made false representations regarding the well-site agreements.

The plaintiffs assert the following claims based on the defendant's actions: (1) fraudulent inducement; (2) breach of contract; (3) negligence/intentional tort; and (4) private nuisance. The defendant removed this action to this Court on October 28, 2013. Thereafter, the defendant filed a motion to compel arbitration and dismiss the plaintiffs' complaint, or in the alternative, stay the plaintiffs' complaint pending arbitration. The plaintiffs also filed an amended complaint. In the amended complaint, the plaintiffs added a fifth count titled, "No Valid Enforceable Agreement to Arbitrate Exists." Thereafter, the defendant filed its reply, but also filed a second motion to compel arbitration and dismiss the plaintiffs' amended complaint. This Court granted the defendant's motion to compel arbitration and dismiss the plaintiffs' amended complaint insomuch as it sought to arbitrate and dismiss the claims of plaintiff Brian Dytko. ECF No. 20. As to the remaining claims in that amended complaint as they pertained to plaintiffs Holly Dytko, J.D. and R.D. ("Remaining Plaintiffs"), this Court denied the defendant's motion. However, this Court also found that those remaining claims should be stayed pending the outcome of the arbitration of plaintiff Brian Dytko's claims. Accordingly, this civil action has been stayed since that order was entered on May 30, 2014.

2

In the matter of the arbitration between Brian Dytko as the Claimant and Chesapeake Appalachia, L.L.C., as the Respondant, the arbitrator determined the Paid-Up Oil and Gas Lease dated November 7, 2008 and the Surface Use Agreement dated December 8, 2010 were both valid and binding on the respective parties and awarded as follows in paragraph one: "Each claim of CLAIMANT whether at law or in equity, is hereby denied in its entirety." The award of the arbitrator concluded that "[t]his AWARD is in full settlement of all claims submitted to this arbitration." ECF No. 35-1 at 2.

On March 23, 2016, the plaintiffs sent this Court a letter, which stated that all relevant arbitration proceedings had ended. After conducting a status and scheduling conference, this Court lifted the stay, and set forth an amended scheduling order. ECF No. 27.

At issue now is the defendant's motion to dismiss the Remaining Plaintiffs' claims for fraudulent inducement, breach of contract and negligence/intentional tort, and motion for summary judgment as to the Remaining Plaintiffs' claim for private nuisance. ECF No. 32. In its motion, the defendant first alleges that the plaintiffs stated that the sole claim remaining in this matter was for private nuisance. Further, the defendant also moves for summary judgment in its favor regarding the plaintiffs' claim for private nuisance. The defendant then turns to the plaintiffs' claims for fraudulent inducement, breach of contract, and

negligent/intentional torts. Regarding the claims for fraudulent inducement and breach of contract, the defendant points out that the remaining plaintiffs were not parties to the lease. Rather, Brian Dytko is the sole owner of the subject property, and Brian Dytko entered into the lease which formed the basis of the fraudulent inducement and breach of contract claims. Because the remaining plaintiffs were neither signatories to the subject lease nor appropriate interest holders in the property, the defendant believes the fraudulent inducement and breach of contract claims should be dismissed. Concerning the negligence/intentional tort claim, the defendant asserts that the remaining plaintiffs have not alleged any injury. Rather, only Brian Dytko is stated as having suffered an injury under that claim in the complaint. Therefore, the defendant contends that the negligence/intentional tort claim should be dismissed. Finally, as to the private nuisance claim, the defendant asserts that the operations causing the alleged nuisance were authorized under the lease and surface use agreement.

The Remaining Plaintiffs filed a response in opposition. ECF No. 34. At the outset of the response, the plaintiffs state that "they agree that they are not parties to the contracts and do not present breach of contract and/or fraudulent inducement claims." Regarding the negligence/intentional tort claim, however, the Remaining Plaintiffs believe that such claim should not be dismissed. Although they did not specifically allege damages under

4

the negligence/intentional tort claim, the plaintiffs rely on other provisions of the complaint which incorporate sufficient allegations to plead their claim. Turning to the private nuisance claim, the Remaining Plaintiffs argue that the defendant's motion for summary judgment should be denied. In particular, the Remaining Plaintiffs believe that the defendant and its employees exceeded the scope of operations permitted under the lease and surface use agreement. Further, the Remaining Plaintiffs believe that the lease and surface use agreements were improperly entered into by the plaintiffs based on the defendant's fraudulent conduct.

The defendant filed a reply. ECF No. 35. In that reply, the defendant again points out that the plaintiffs are no longer proceeding under their claims for breach of contract and fraudulent inducement. Concerning the plaintiffs' claim for negligence/intentional tort, the defendant argues that the plaintiffs inadequately pleaded that claim. Furthermore, the defendant argues that the plaintiffs have attempted to reassert arguments they raised during the arbitration proceeding. Because the plaintiffs already raised several of the arguments during the arbitration proceeding, the defendant believes that the Remaining Plaintiffs are precluded from raising them again. The defendant also contends that no genuine issues of material fact have been raised.

For the reasons set forth below, the defendant's motion to dismiss Remaining Plaintiffs' claims and motion for summary judgment as to Remaining Plaintiffs' claim (ECF No. 32)is GRANTED.

## II. Applicable Law

### A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a

motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

B. <u>Motion for Summary Judgement</u>

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

However, as the Supreme Court of the United States noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial ." <u>Anderson</u>, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; see also <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950)).

8

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587(1986).

### III. <u>Discussion</u>

As stated earlier, the defendant's motion to dismiss concerns the following claims of the Remaining Plaintiffs: (1) fraudulent inducement; (2) breach of contract; and (3) negligence/intentional tort. Further, Defendant's motion for summary judgement concerns the Remaining Plaintiffs' claim of private nuisance. This Court will first address the defendant's motion to dismiss the Remaining Plaintiffs' claims for fraudulent inducement, breach of contract and negligence/intentional tort, and then turn to the defendant's motion for summary judgment as to the Remaining Plaintiffs' claim for private nuisance.

A. <u>Motion to Dismiss Remaining Plaintiffs' Claims</u>

    1. <u>Fraudulent Inducement and Breach of Contract</u>

Based on the representations of counsel, it appears that the Remaining Plaintiffs have withdrawn the fraudulent inducement and breach of contract claims. Therefore, this Court GRANTS the defendant's motion to dismiss as to the claims for fraudulent inducement and breach of contract.

    2. <u>Negligence/Intentional Tort</u>

Under West Virginia law, to succeed in a negligence suit, "the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." <u>Strahin v. Cleavenger</u>, 603 S.E.2d 197, 205 (W. Va. 2004).

Defendant argues that "Plaintiffs' Amended Complaint (ECF No. 8) did not allege damages on behalf of the Remaining Plaintiffs as a result of [Chesapeake Appalachia, L.L.C.'s] alleged negligence/intentional tort," and should be dismissed. ECF No. 33 at 7. Defendant asserts that "[b]ecause the Remaining Plaintiffs did not allege an injury under the claim for negligence/intentional tort, they have failed to plead a prima facie claim for which relief may be granted requiring dismissal under Rule 12(b)(6)." <u>Id.</u> at 9. Remaining Plaintiffs argue that their claims for negligence/intentional tort should not be dismissed and assert that

the "[R]emaining Plaintiffs did allege injury and damages in their complaint related to negligence and/or intentional acts." ECF. No. 34 at 3.

As the court stated in Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939), "In every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish, by a preponderance of the testimony, three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) **Injuries received thereby**, resulting proximately from the breach of that duty." (emphasis added). Under their negligence/intentional tort claim, the Remaining Plaintiffs state that "Plaintiff Bryan Dytko has suffered breathing difficulties and problems as a direct result of the dust, dirt and other contaminants being kicked up and/or released into the air and/or surrounding land." ECF No. 8. The claim asserts no injury to the Remaining Plaintiffs. West Virginia law clearly provides that injury is a necessary element for a claim of negligence. In this case, the complaint fails to allege such resulting injury or damages to the Remaining Plaintiffs, and thus, fails to state a claim upon which relief may be granted. Therefore, this Court GRANTS the defendant's motion to dismiss the Remaining Plaintiffs' claim for negligence/intentional tort.

B. <u>Motion for Summary Judgment Regarding Remaining Plaintiffs' Claim for Private Nuisance</u>

The Remaining Plaintiffs in this civil action argue that the defendant's motion for summary judgment regarding the private nuisance claim must be denied. Remaining Plaintiffs assert that "the defendant has not and cannot meet its burden of demonstrating that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law on the [R]emaining Plaintiffs' private nuisance claims." ECF No. 34 at 12. Defendant argues that "[t]hese were the same arguments advanced by Mr. Dytko and decided in the arbitration, who the Remaining Plaintiffs readily acknowledged was the only signatory to the agreements." ECF No. 35 at 4. Accordingly, "the Remaining Plaintiffs cannot relitigate those arbitrable issues here to support their private nuisance claim and to oppose [Chespeake, L.L.C.'s] summary judgment motion." <u>Id.</u>

After reviewing the parties' arguments and filings, it appears that the primary issue is whether the arbitrator's ruling as to the private nuisance claim binds the Remaining Plaintiffs. This Court will first determine whether <u>res judicat</u>a applies to arbitration awards, and if so, whether it would specifically apply to the Remaining Plaintiffs' claim in this case.

1. <u>Res Judicata Applies to Arbitration Awards</u>

Res judicata bars a cause of action adjudicated between the same parties or their privies in a prior case. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."); Jones v. S.E.C., 115 F.3d 1173, 1178 (4th Cir. 1997); see also Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Phrased another way, a final judgment on the merits bars further claims "by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). Claims that were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding are precluded. E.E.O.C. v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 462-63 (6th Cir. 1999) (citing Brown v. Felsen, 442 U.S. 127, 131 (1979)). Res judicata ensures the finality of decisions and the party or privy bound by the doctrine must enjoy a "full and fair opportunity" to participate in some adjudication or resolution of the claim in question. Montana, 440 U.S. at 153.

Arbitration proceedings are given preclusive effect in a later suit if "the earlier proceeding involved: 1) an identity of parties, 2) an identity of the cause of action, and 3) a full and fair opportunity to litigate this matter." Monahan v. Paine Webber Group, Inc., 724 F. Supp. 224, 226 (S.D.N.Y. 1989). An arbitration's "'full and final settlement' . . . stands as res

judicata barring relitigation of [an] identical claim in the complaint[.]" Pujol v. Shearson/American Exp., Inc., 829 F.2d 1201, 1207 (1st Cir. 1987). Accordingly, a court will give an arbitration decision preclusive effect where the traditional prerequisites for preclusion are met. Id. (citing Mignocchi v. Merrill Lynch, 707 F. Supp. 140, 143 (S.D.N.Y. 1989); Norris v. Grosvenor Marketing Ltd., 632 F. Supp. 1193, 1195-96 (S.D.N.Y. 1986). Furthermore, numerous cases support the application of res judicata or collateral estoppel when the losing party in an arbitration proceeding seeks to reopen its case in federal court. Little Six Corp. v. United Mine Workers of America, Local Union No. 8332, 701 F.2d 26, 29 (4th Cir. 1983); see, e.g., Milos v. Spector Freight Systems, Inc., 464 F. Supp. 754 (M.D.N.C. 1979).

When, as here, a federal court's jurisdiction is based upon diversity of citizenship, the court must look to state law to determine whether res judicata applies. Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395, 397 n. 2 (4th Cir. 2006) (stating West Virginia law controls whether the plaintiff's claim was barred by res judicata); Graves v. Associated Transport, Inc., 344 F.2d 894, 896 (4th Cir. 1965) (holding that state law governs the parties' rights and obligations when diversity of citizenship is the sole basis of jurisdiction); Braxton v. Matthews, 883 F. Supp. 1068 (S.D.W. Va. 1995) (applying West Virginia law with respect to collateral estoppel). Under West Virginia law, "res judicata

14

applies when three criteria are met: (1) there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings; (2) the two actions must involve either the same parties or persons in privity with those same parties; and (3) the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Seventeenth Street Associates, LLC v. Cole ex rel. Hayne, 855 F. Supp. 2d 606, 609 (S.D.W. Va. 2012). Based on the law discussed above, it is clear that res judicata may apply to arbitration proceedings. This Court will next turn to whether res judicata applies to the Remaining Plaintiffs' claim.

2. Res Judicata May Apply to Non-Signatory Privies

A lingering issue here, however, is that the Remaining Plaintiffs are non-signatories to the lease agreement. Non-signatories to the agreement may not necessarily be bound by the prior judgement. However, res judicata may still apply to a non-signatory under the legal principle of privity. The court in West Virginia Human Rights Com'n v. Esquire Group, Inc., 618 S.E.2d 463, 470 (W. Va. 2005) stated that "[p]rivity, in a legal sense, ordinarily denotes 'mutual or successive relationship to the same rights of property'." (quoting Cater v. Taylor, 196 S.E. 558 (W.

Va. 1938). In State v. Miller, 459 S.E.2d 114, 124 (1995), the court explained that the concept of privity in the claim preclusion context is difficult to precisely define. However, the court pointed out that a "key consideration for its existence is the sharing of the same legal right by parties allegedly in privity," so as "to ensure that the interests of the party against whom" preclusion is asserted have been adequately represented. Id. at 124. Put another way, "[p]reclusion is fair so long as the relationship between the nonparty and a party was such that the nonparty had the same practical opportunity to control the course of the proceedings that would be available to a party." Gribben v. Kirk, 466 S.E.2d 147, 157 n. 21 (W. Va. 1995) (internal citations and quotations omitted); see Frank's Nursery & Crafts, Inc., 177 F.3d at 448("Prior proceedings may bind a nonparty as a privy where the relationship between the nonparty and a party is such as to legally entitle the latter to stand in judgment for the former, or where the nonparty's interests were adequately represented by a party with the same interests")(citing Hansberry v. Lee, 311 U.S. 32, 41–43 (1940)). Therefore, literal privity is not a requirement for res judicata to apply; rather, a party will be bound by a previous judgment if his interests were adequately represented by another vested with the authority of representation. Ray Legal Consulting Group v. Gray, 37 F. Supp. 3d 689, 701-02 (S.D.N.Y. 2014). Moreover, where the non-party's interests are adequately

16

represented by a party to the prior action, there is sufficient identity between the parties to apply the principles of res judicata and give preclusive effect to the prior judgment. Meza, 908 F.2d at 1266. Therefore, based on the case law above, it is well-settled that, under certain circumstances, a judgment may bar a subsequent action by a person who was not a party to the original litigation. Eubanks v. F.D.I.C., 977 F.2d 166, 170 (5th Cir. 1992)(citing Meza v. General Battery Corp., 908 F.2d 1262, 1266 (5th Cir. 1990)).

In this civil action, Defendant argues the Remaining Plaintiffs' claims fall within the rights conveyed by the lease signed by Mr. Dytko. ECF No. 33 at 11. This Court found all claims pertaining to plaintiff Brian Dytko were subject to arbitration, and those claims which concerned the Remaining Plaintiffs were stayed pending the outcome of the arbitration proceedings. ECF No. 20 at 23-24. The Remaining Plaintiffs' claim for private nuisance is closely aligned, if not identical, to the claim Brian Dytko was compelled to arbitrate. ECF No. 32. As stated earlier, in the arbitration between Brian Dytko as the Claimant and Chesapeake Appalachia, L.L.C., as the Respondant, the arbitrator determined the Paid-Up Oil and Gas Lease dated November 7, 2008 and the Surface Use Agreement dated December 8, 2010 were both valid and binding on the respective parties. Further, the arbitrator awarded the following: "Each claim of CLAIMANT whether at law or in equity,

17

is hereby denied in its entirety." The Award of the Arbitrator concluded: "This AWARD is in full settlement of all claims submitted to this arbitration." ECF No. 35-1 at 2.

After reviewing the parties' filings and the law discussed above, this Court finds that res judicata applies. First, the ruling by the arbitrator is a prior final judgment on the merits regarding this claim. Second, the claims determined in the prior arbitration and the claims under the Remaining Plaintiffs' complaint are substantially similar in identity. Finally, there is an identity of the parties as privies in this case. Regardless of the familial relationship between Brian Dytko and the Remaining Plaintiffs, privity exists as a result of substantially similar claims stemming from the same lease. Those claims concern individual persons all deriving interests from one particular property interest under a common lease agreement. Despite not being parties to the arbitration, the judgment affects the Remaining Plaintiffs' interests involved in the action as if they were parties.

Furthermore, claim preclusion is fair so long as the relationship between the non-parties and a party was such that the non-parties had the same practical opportunity to control the course of the proceedings that would be available to a party. Here, the Remaining Plaintiffs opposed the defendant's motion to compel

arbitration and sought to avoid arbitration of their claims. ECF No. 9 at 1. More importantly, although "the Remaining Plaintiffs did not have the requisite property interest to execute the Lease, [and] were not signatories to the Lease," the Remaining Plaintiffs' interest in the case were adequately represented by Brian Dytko in the prior arbitration proceeding. In that proceeding, the arbitrator denied all claims asserted by Brian Dytko, which are the same as those of the Remaining Plaintiffs. ECF No. 33 at 8. Applying the principles of res judicata, this Court gives preclusive effect to the prior arbitration award in the instant case. Therefore, for the reasons set forth above, the defendant's motion for summary judgment is GRANTED.

## IV. Conclusion

For the reasons described above, the defendant's motion to dismiss the Remaining Plaintiffs' claims and motion for summary judgment as to Remaining Plaintiffs' claim for private nuisance (ECF No. 32)is GRANTED. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 25, 2016

         /s/ Frederick P. Stamp, Jr.
        FREDERICK P. STAMP, JR.
        UNITED STATES DISTRICT JUDGE